**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

|  |  |
|---|---|
| ANDY HUMM, ANN NORTHROP, and ANDY HUMM AND ANN NORTHROP d/b/a GAY USA, <br><br><br> Plaintiffs, <br><br> -against- <br><br><br><br> MSNBC CABLE, LLC, NBCUNIVERSAL MEDIA, LLC, COMCAST CORPORATION, VERSANT MEDIA, LLC, JONATHAN CAPEHART, APOLLO GLOBAL MANAGEMENT, INC., VERIZON COMMUNICATIONS INC. t/a VERIZON COMMUNICATIONS, YAHOO, INC., JOHN AND JANE DOES, INC. 1 through 10, JOHN AND JANE DOES, LLC 1 through 10, and JOHN AND JANE DOES INDIVIDUALS 1 through 10, <br><br><br> Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : <br><br> No. 25 Civ. 9697 (AS) <br><br> ECF Case |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

<u>**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**</u>
<u>**MSNBC CABLE, LLC, NBCUNIVERSAL MEDIA, LLC, COMCAST CORPORATION,**</u>
<u>**VERSANT MEDIA, LLC, JONATHAN CAPEHART, VERIZON COMMUNICATIONS**</u>
<u>**INC. AND YAHOO INC. TO DISMISS PLAINTIFFS' COMPLAINT**</u>

Thomas B. Sullivan
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 850-6139
Fax: (212) 223-1942
sullivant@ballardspahr.com

Elizabeth L. Schilken (*pro hac vice*)
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Tel: (424) 204-4371
Fax: (424) 204-4350
schilkene@ballardspahr.com

*Attorneys for Defendants MSNBC Cable, LLC, NBCUniversal Media, LLC,*
*Comcast Corporation, Versant Media, LLC, Jonathan Capehart,*
*Verizon Communications Inc. and Yahoo Inc.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................ii

I.    PLAINTIFFS HAVE FAILED TO STATE AN INFRINGEMENT CLAIM.....................1

      A.    The Use Was Fair.................................................................................................1

            1.    Defendants' Use Is Transformative ............................................................1

            2.    The Interview Is a Factual and Published Work.........................................2

            3.    The *Last Word* Uses No More of the Interview Than
                  Necessary .....................................................................................................3

            4.    Transformative Uses Are Not Market Substitutions....................................3

      B.    No Portion of the Episode Was Copied ................................................................4

      C.    Plaintiffs Abandoned Their Secondary Infringement Claims................................5

      D.    Plaintiffs Abandoned Their Claims to Statutory Damages and
            Attorneys' Fees ...................................................................................................6

II.   PLAINTIFFS FAIL TO PLEAD THE REQUIRED ELEMENTS OF A
      COPYRIGHT MANAGEMENT INFORMATION CLAIM ...........................................7

III.  THE MISAPPROPRIATION CLAIM IS PREEMPTED ..................................................9

IV.   PLAINTIFFS FAIL TO GIVE EACH DEFENDANT NOTICE OF THE
      NATURE OF THE CLAIMS AGAINST IT ......................................................................11

CONCLUSION...........................................................................................................................11

i

## TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*,
   598 U.S. 508 (2023)...................................................................................................2

*Barclays Cap. Inc. v. Theflyonthewall.com, Inc.*,
   650 F.3d 876 (2d Cir. 2011)....................................................................................10

*Bill Graham Archives v. Dorling Kindersley Ltd.*,
   448 F.3d 605 (2d Cir. 2006).....................................................................................2, 3

*Bonilla v. Smithfield Assocs. LLC*,
   2009 WL 4457304 (S.D.N.Y. Dec. 4, 2009) ....................................................5, 6, 8

*Chan v. U.S. Dep't of Transp.*,
   782 F. Supp. 3d 39 (S.D.N.Y. 2025)..........................................................................4

*Farag v. XYZ Two Way Radio Serv., Inc.*,
   2023 WL 2770219 (2d Cir. Apr. 4, 2023) ........................................................4, 5, 10

*Felix v. City of N.Y.*,
   344 F. Supp. 3d 644 (S.D.N.Y. 2018).......................................................................4, 7

*Fischer v. Forrest*,
   286 F. Supp. 3d 590 (S.D.N.Y. 2018).........................................................................7

*Greer v. Fox News Media*,
   2023 WL 2671796 (2d Cir. Mar. 29, 2023)...............................................................9, 10

*JBCHoldings NY, LLC v. Pakter*,
   931 F. Supp. 2d 514 (S.D.N.Y. 2013)........................................................................6

*Jordan v. Chase Manhattan Bank*,
   91 F. Supp. 3d 491 (S.D.N.Y. 2015)........................................................................8, 9

*Maxtone-Graham v. Burtchaell*,
   803 F.2d 1253 (2d Cir. 1986)....................................................................................3

*Mills v. Netflix, Inc.*,
   2020 WL 548558 (C.D. Cal. Feb. 3, 2020)................................................................9

*ML Genius Holdings LLC v. Google LLC*,
   2022 WL 710744 (2d Cir. Mar. 10, 2022)...............................................................10

*Monbo v. Nathan*,
   623 F. Supp. 3d 56 (E.D.N.Y. 2022) .....................................................................4, 5

*O'Brien v. Chappel & Co.*,
159 F. Supp. 58 (S.D.N.Y. 1958) ...................................................................................5

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
602 F.3d 57 (2d Cir. 2010)..........................................................................................4

*Regisford v. Lockamy*,
2025 WL 2444191 (S.D.N.Y. Aug. 25, 2025)...........................................................8

*Richardson v. Townsquare Media, Inc.*,
2026 WL 1097502 (2d Cir. Apr. 23, 2026) ...............................................................3

*Romanova v. Amilus Inc.*,
138 F.4th 104 (2d Cir. 2025) ...................................................................................1, 2

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
2016 WL 4126543 (S.D.N.Y. Aug. 2, 2016)..............................................................7

*Solow v. Citigroup, Inc.*,
827 F. Supp. 2d 280 (S.D.N.Y. 2011)........................................................................10

*Wilder v. Hoiland*,
2024 WL 382141 (S.D.N.Y. Feb. 1, 2024)..................................................................2

*Zlozower v. Rock & Roll Hall of Fame & Museum, Inc.*,
2025 WL 3134584 (N.D. Ohio Nov. 10, 2025) ...........................................................2

**Other Authorities**

Hon. Arun Subramanian, *Individual Practices in Civil Cases*, Rule 8............................................7

U.S. Copyright Office, *Compendium of Copyright Office Practices* § 305 (3d ed.
2021) ...........................................................................................................................9

Defendants MSNBC Cable, LLC, NBCUniversal Media, LLC, Comcast Corporation, Versant Media, LLC, Jonathan Capehart, Verizon Communications Inc., and Yahoo Inc. (collectively, "Moving Defendants")[1] respectfully submit this reply in further support of their motion to dismiss.  Plaintiffs do not attempt to respond to the majority of the arguments made in Moving Defendants' opening brief, effectively abandoning all of their claims except those brought by Humm alone for direct copyright infringement involving only the Interview.  These remaining claims fail because the use of the Interview was fair.  For these reasons, the Complaint should be dismissed in full.

## I.    PLAINTIFFS HAVE FAILED TO STATE AN INFRINGEMENT CLAIM

Plaintiffs' direct and secondary infringement claims fail because *The Last Word* made a fair use of the Interview and copied no protectable elements of the Episode.  Plaintiffs also have not plausibly alleged required elements of vicarious and contributory infringement.  Other than conclusory denials, Plaintiffs have little answer to these arguments.

### A.    The Use Was Fair

All four factors – the purpose and character of the use, the nature of the work, the amount used, and the effect on the potential market – weigh in favor of fair use.  Mem. at 6-13.

#### 1.    Defendants' Use Is Transformative

Plaintiffs argue the use of a clip of the Interview is not transformative because the Interview and *The Last Word* segment served the "same purpose . . . , reporting news."  Opp. at 29.[2]  This is incorrect.  The Interview was intended to report on the newly-elected Rep. Nancy

---

[1] This Reply defines terms as they were defined in Moving Defendants' opening brief (Dkt. 40, "Mem.").

[2] While Plaintiffs argue that the Episode made a similar use of the Interview as *The Last Word*, the relevant comparison is between the alleged copy and the original, *Romanova v. Amilus Inc.*,

Pelosi and whether she would be an effective advocate for gay rights . *See* Compl. ¶ 117. *The Last Word* used the clip for a different purpose, as a biographical anchor.  Mem. at 7-10.

Plaintiffs do not attempt to distinguish the long line of cases holding that a use of a portion of copyrighted material for historical/biographical purposes is a transformative use. *See* Mem. at 9-10.  While they briefly contend that *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605 (2d Cir. 2006), is no longer good law in the wake of *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023), they do so without elaboration or citation. *See* Opp. at 31.  In fact, courts have continued to rely on *Bill Graham* following the *Warhol* decision. *E.g., Wilder v. Hoiland*, 2024 WL 382141, at *15-16 (S.D.N.Y. Feb. 1, 2024), *aff'd*, 2025 WL 783642 (2d Cir. Mar. 12, 2025) (summary order); *Zlozower v. Rock & Roll Hall of Fame & Museum, Inc.*, 2025 WL 3134584, at *4 (N.D. Ohio Nov. 10, 2025).  Though not discussing this line of cases specifically, the Second Circuit has also continued to find that "biographical works that quote from the speeches . . . of noted public figures for the purpose of revealing their attitudes, thoughts, and biases" are among the "paradigmatically recognized transformative uses." *Romanova*, 138 F.4th at 111.  Here, the Interview clip provided valuable information about the early political life of a figure of historical import by showcasing her own words.  This is a transformative use.

2.      The Interview Is a Factual and Published Work

The second factor favors the defendant where the allegedly infringed work is published and factual, as it was here.  Mem. at 11.  Plaintiffs do not dispute either point.  Instead, they make the non-sequitur argument that copyright protects the manner in which a fact is expressed.

---

138 F.4th 104, 118 (2d Cir. 2025), not whether the alleged copy transmits a message different from any other copy.

*See* Opp. at 29.  This factor favors defendants even where there was "creative journalistic effort" in conducting an interview.  *Maxtone-Graham v. Burtchaell*, 803 F.2d 1253, 1262-63 (2d Cir. 1986).

        3.      *The Last Word* Uses No More of the Interview Than Necessary

*The Last Word* also used a reasonable portion of the Interview.  Mem. at 11-12.  Plaintiffs make the false claim that "*The Last Word* used almost the entirety of the Humm Pelosi interview."  Opp. at 30.  In fact, the clip in *The Last Word* was 23 seconds long, while the Interview is 1 minute and 53 seconds long.  In this portion of their opposition, Plaintiffs again focus on the Episode, but that is not the work at issue.

        4.      Transformative Uses Are Not Market Substitutions

Finally, there was no effect on the potential market.  Mem. at 12-13.  Plaintiffs focus entirely on their alleged lost licensing revenues.  Opp. at 30.  However, harm to licensing markets for transformative uses is *not* considered under the fourth fair use factor: "[A] copyright holder cannot prevent others from entering fair use markets merely by developing or licensing a market for . . . transformative uses of its own creative work."  *Bill Graham*, 448 F.3d at 614-15 (cleaned up).  Plaintiffs do not identify any additional market harm.

Because each of the four factors weighs in defendants' favor, this was a fair use and Plaintiffs' claims for infringement must be dismissed.[3]

---

[3] Yesterday's decision in *Richardson v. Townsquare Media, Inc.*, 2026 WL 1097502 (2d Cir. Apr. 23, 2026) reversing a fair use-based dismissal does not alter this analysis.  The Court's analysis relied heavily on the fact that the defendant had used the entire underlying video work, which "rendered its use of the video a plausible market substitute for the video itself." *Id.* at *9 ("To whatever extent [defendant's] use of the Jordan Video is transformative (if at all), that fact is outweighed by [defendant's] decision to republish the entire video.").  The entire video was not used in this case.  The defendant in *Richardson* also did not assert that it was making a historical/biographical use.  Where, as here, the "fair-use factors . . . point decisively in the defense's favor," dismissal is appropriate. *Id.* at *4.

3

### B.    No Portion of the Episode Was Copied

The claims for infringement of the Episode also fail because *The Last Word* did not use any separately protectable elements of that work. Mem. at 13-15. Other than asserting that "plaintiffs have alleged sufficient facts to support their claims," Opp. at 18, Plaintiffs do not address this argument. Plaintiffs' chart similarly fails to identify any relevant allegations. *See* Pls.' Ex. A (Dkt. No. 54) at 1.

"Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Felix v. City of N.Y.*, 344 F. Supp. 3d 644, 654-55 (S.D.N.Y. 2018) (cleaned up); *see Chan v. U.S. Dep't of Transp.*, 782 F. Supp. 3d 39, 65 (S.D.N.Y. 2025) ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims."). Where a plaintiff offers only a "conclusory assertion" that it has stated a claim, it has effectively not responded. *Farag v. XYZ Two Way Radio Serv., Inc.*, 2023 WL 2770219, at *2 (2d Cir. Apr. 4, 2023). Therefore, Plaintiffs should be deemed to have abandoned all claims based on the Episode.

In the fair use section of their Opposition, Plaintiffs contend that Moving Defendants' report and the Episode were similarly structured. Opp. at 30. To the extent this argument is intended to address whether the Episode was copied at all, it fails. As an initial matter, this contention is simply false. The works themselves control over Plaintiffs' descriptions of them, *see Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010), and other than using a portion of the Interview, the two segments are widely dissimilar. *See* Mem. at 4-6. To the extent Plaintiffs are claiming a copyright in the idea of presenting a video clip and then commenting on it, that is not the law. "[M]ethods of story-telling are not protectable" under copyright. *Monbo v. Nathan*, 623 F. Supp. 3d 56, 94 (E.D.N.Y. 2022) (rejecting claim based on

4

use of news clip and voiceover to give film a "documentary feel"); *see also O'Brien v. Chappel & Co.*, 159 F. Supp. 58, 59 (S.D.N.Y. 1958) (rejecting claim based on "the idea of having the actors and actresses in a stage show appear in a scene dressed in black and white costume," as copyright does not "extend to abstract ideas or situations").

For these reasons, Plaintiffs have failed to state an infringement claim with respect to the Episode.

### C.    Plaintiffs Abandoned Their Secondary Infringement Claims

The Complaint's secondary liability claims fall with the underlying claims of direct infringement.  Because the use of the Interview was fair, and because *The Last Word* made no use of protectable elements of the Episode, Plaintiffs' secondary claims also fail as a matter of law.  Mem. at 15.

However, the secondary claims also fail because Plaintiffs do not plausibly allege required elements.  For vicarious infringement, Plaintiffs do not respond to arguments that they did not plead (1) defendants' right and ability to supervise the infringing activity, and (2) that defendants had a direct financial interest in such activities.  *Id.* at 16-17.  For contributory infringement, Plaintiffs similarly do not respond to arguments that they have not pleaded (1) knowledge of infringement, or (2) that any defendants substantially participated in the primary infringement.  *Id.* at 17-18.  They instead make the conclusory statement that Plaintiffs have generally met the requirements for their claims.  Opp. at 19-20.

As noted above, a claim is considered abandoned when a plaintiff fails to respond to an argument for dismissal or does so in only a conclusory way.  *Farag*, 2023 WL 2770219, at *2. This includes situations where a plaintiff responds to only one of several arguments for dismissal and does not address the others.  *Bonilla v. Smithfield Assocs. LLC*, 2009 WL 4457304, at *4

(S.D.N.Y. Dec. 4, 2009).  Therefore, Plaintiffs should be deemed to have abandoned their secondary infringement claims.

The chart filed in connection with the Opposition, Ex. A at 7-9, provides no further clarity.  For defendants' right and ability to supervise, Plaintiffs cite irrelevant statements about alleged communications between Yahoo and the MSNBC Defendants about Plaintiffs' legal claims.  For defendants' direct financial interest, they cite a series of almost completely unrelated paragraphs.  The only potentially relevant paragraph, asserting that Capehart "derived monetary profit and other consideration and benefits from the unauthorized uses of the [Interview and Episode]," *see* Compl. ¶ 90, is entirely conclusory and pleaded upon information and belief.  Allegations on information and belief "must be 'accompanied by a statement of the facts upon which the belief is founded,'" *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 527 (S.D.N.Y. 2013), and no such facts are offered in the Complaint.  The chart is no help to Plaintiffs' contributory infringement claims either, as it cites the same completely irrelevant or conclusory allegations they contend support the vicarious infringement claims.  *See* Ex. A at 7-10.  The chart also repeatedly references a "Rule of Reasonable Inference" and "Custom and Practice of the Industry," but these are not allegations in the Complaint, they are not explained or defined, and they are not argued in the Opposition.

The secondary infringement claims should be dismissed.

### D.    Plaintiffs Abandoned Their Claims to Statutory Damages and Attorneys' Fees

Finally, even if Plaintiffs could pursue any infringement claims, they would not be able to recover statutory damages or attorneys' fees, because their works were first registered with the Copyright Office after the infringement allegedly began and more than three months after the works were first published.  Mem. at 18-19.  Plaintiffs do not address this issue in their

6

Opposition.  Therefore, they have abandoned their claim to this relief.  *See Felix*, 344 F. Supp. 3d at 654-55.

While Plaintiffs contend in their accompanying exhibit that "[i]t is appropriate at this time to ask for all relief provided by the Copyright Act" as they are "unaware of all of the infringements," *see* Ex. A at 9, that is not how liability under the Act works.  In addition, this exhibit is required by the Court's rules to be "non-argumentative," *see* Individual Practices, Rule 8(G)(i), and thus Plaintiffs cannot use it to supplement their brief.

Moreover, Plaintiffs could not recover statutory damages or fees even if there were other infringing uses. "Section 412 of the Copyright Act imposes a bright-line rule that precludes recovery of statutory damages and attorneys' fees where the first act of infringement in a series of ongoing infringements occurred prior to the work's copyright registration." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 602 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020).  "[W]hen the same defendant infringes on the same protected work in the same manner as it did prior to the work's registration, the post-registration infringement constitutes the continuation of a series of ongoing infringements." *Solid Oak Sketches, LLC v. 2K Games, Inc.*, 2016 WL 4126543, at *3 (S.D.N.Y. Aug. 2, 2016).  Therefore, it is entirely appropriate to decide this issue now and dismiss Plaintiffs' effort to recover these damages and fees.

## II.    PLAINTIFFS FAIL TO PLEAD THE REQUIRED ELEMENTS OF A COPYRIGHT MANAGEMENT INFORMATION CLAIM

Plaintiffs' claim under the Digital Millenium Copyright Act, whatever its form, should also be dismissed.  In the Complaint, Plaintiffs attempt to plead a claim for provision of false copyright management information ("CMI") under Section 1202(a).  *See* Compl. ¶ 238.  That claim fails for three separate reasons: (1) they do not allege the defendants actually provided CMI in connection with a copyrighted work, (2) they do not allege that any CMI provided was

7

false, and (3) they do not allege the required intent to "induce, enable, facilitate, or conceal an infringement." Mem. at 19-21.  In their opposition papers, Plaintiffs do not seriously respond to the first two arguments and instead contend that they have adequately pleaded scienter with respect to a different claim, one for removal/alteration of CMI under Section 1202(b).  Opp. at 20-21.

Plaintiffs' 1202(a) claim should be dismissed as abandoned because they do not attempt to respond to arguments, Mem. at 20-21, that defendants provided no CMI and that any CMI provided was not false.  *Bonilla*, 2009 WL 4457304, at *4.

On scienter, Moving Defendants argued in their opening brief that Plaintiffs cannot show the required intent to induce or conceal infringement because they attributed the Interview to Plaintiffs with the words "GAY USA 1987" in the top left of the screen.  Mem. at 21.  Plaintiffs appear to argue that this does not suffice because "the video is owned by Humm, not Gay USA." Opp. at 21.  But the Complaint never asserts that it was false to attribute the video to Gay USA instead of Humm.  Instead, it states that defendants had covered "Gay USA's Copyright information."  Compl. ¶ 238; *see id.* ¶ 240 (contending that defendants "manipulated Gay USA's Copyright information").[4]  Plaintiffs notably do not distinguish the cases cited in the opening brief showing that where the alleged CMI is simply reproduced elsewhere next to the work, as occurred here, a plaintiff cannot plausibly allege scienter.

With respect to their newly asserted claim under Section 1202(b), "[i]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *Jordan v.*

---

[4] If Plaintiffs amended their complaint to assert that the CMI was false because it attributed the interview to Gay USA instead of Humm, the claim would still fail.  A plaintiff pleading a Section 1202(a) claim must also allege that the defendant knew that the CMI was false.  *See Regisford v. Lockamy*, 2025 WL 2444191, at *3 (S.D.N.Y. Aug. 25, 2025).  Moving Defendants cannot have known that the attribution Plaintiffs themselves provided was false.

8

*Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015).  Nor could a properly

asserted Section 1202(b) claim survive dismissal.  No CMI was removed or altered here, as the

Gay USA logo partially covered by the MSNBC banner was reproduced in the top left corner.

For the same reason, Plaintiffs cannot show, as they must, that defendants "knew and intended to

induce infringement by altering CMI with respect to Plaintiff's name." *Mills v. Netflix, Inc.*, 2020

WL 548558, at *3 (C.D. Cal. Feb. 3, 2020).

Plaintiffs have not pleaded any CMI-related claim.

## III.    THE MISAPPROPRIATION CLAIM IS PREEMPTED

Plaintiffs' misappropriation claim fails because it is preempted.  It does not fall within the

"hot news" exception for three separate reasons: (1) the claim does not involve time-sensitive

factual information, (2) there is no allegation of free-riding, and (3) there was no threat to the

existence of Plaintiffs' product or service.  Mem. at 23-25.  The failure to adequately allege any

one of these elements would be sufficient to doom Plaintiffs' claim.  In their Opposition brief,

Plaintiffs do not seriously argue they have met any of these requirements.

As an initial matter, Plaintiffs appear to suggest that preemption would not apply because

"[a]lthough defendants' misappropriation resulted in a fixation in a tangible medium that would

be subject to Section 301 preemption, . . .  the misappropriation of plaintiffs' idea . . .occurred

prior to the defendants' fixation of that idea in a tangible medium."  *See* Opp. at 25.  This is

inconsistent with the Complaint, which alleges that defendants misappropriated the Episode after

it "was distributed on the internet on YouTube."  *See* Compl. ¶ 244.  A digital file on YouTube is

fixed for purposes of the Copyright Act.  *See* U.S. Copyright Office, *Compendium of Copyright*

*Office Practices* § 305 (3d ed. 2021) ( "a song recorded in a digital audio file" is a work "fixed

by [its] very nature").  Moreover, preemption applies "where the ideas that are the subject of the

claim were fixed in writing—whether or not the writing itself is at issue." *Greer v. Fox News Media*, 2023 WL 2671796, at *1 (2d Cir. Mar. 29, 2023) (cleaned up).

Further, this claim does not involve time-sensitive factual information, because much of the information at issue is not time-sensitive and the rest is not factual. Mem. at 23-24. Information is no longer time-sensitive after the initial period in which it is distributed, *ML Genius Holdings LLC v. Google LLC*, 2022 WL 710744, at *6 (2d Cir. Mar. 10, 2022), and the interview was recorded thirty-five years ago. Plaintiffs do not contest this point, and instead point to "the hook," apparently arguing that what was time-sensitive here was the value of the Interview during the time after Pelosi's announcement. Opp. at 25. But as argued in the opening brief, a "hook" or "focus" is not factual information. If the rule were otherwise, any archival material could become "hot" again if the circumstances were right.

Plaintiffs also expressly plead that another news organization, *The Advocate*, ran a similar report connecting Pelosi's resignation with her LGBTQ+ advocacy and participation in the Interview five days before they did. Mem. at 24. Therefore, they did not even have an original idea. They do not address this point in their Opposition.

Additionally, as explained in the opening brief, free-riding in this context means "appropriating [hot news] and selling it as [the defendant's] own." *Barclays Cap. Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 895 (2d Cir. 2011). Plaintiffs do not address this point, or explain how the Moving Defendants can be said to have sold the Interview as their own when they clearly attributed it to Gay USA. They instead simply state the conclusion that the report was "free-riding." *See* Opp. at 24-25. By not meaningfully responding, they have abandoned this claim as well. *See Farag*, 2023 WL 2770219, at *2.

Finally, Plaintiffs do not dispute that to plead a misappropriation claim a plaintiff must allege acts of repeated copying that threaten their business. Mem. at 25. Plaintiffs' claim is focused on use of their works in a single news segment. They speculate that *The Last Word* could continue to misappropriate their ideas, *see* Opp. at 25, but such speculation carries no weight to defeat a dismissal motion. *See Solow v. Citigroup, Inc.*, 827 F. Supp. 2d 280, 289 (S.D.N.Y. 2011). Even in that speculation they say only that "it is reasonably foreseeable that plaintiff[s'] audience would be diminished and their reputations as journalists producing original stories and commentary would be tarnished," Opp. at 25, not that their business would actually be threatened in any way.

For these reasons, the misappropriation claim fails.

## IV.    PLAINTIFFS FAIL TO GIVE EACH DEFENDANT NOTICE OF THE NATURE OF THE CLAIMS AGAINST IT

The Complaint also impermissibly lumps the defendants together. Mem. at 26-28. Plaintiffs do not argue that they have distinguished each defendant's conduct or address how an entity which did not exist at the time the alleged infringement occurred could be responsible for it. These claims should also be dismissed for this alternate reason.

## <u>CONCLUSION</u>

For the foregoing reasons and those in their opening brief, Moving Defendants respectfully request that the Court dismiss the Complaint with prejudice and grant such other and further relief as the Court finds just and appropriate.

Dated: April 24, 2026

Respectfully submitted,

**BALLARD SPAHR LLP**

By:    */s/ Thomas B. Sullivan*

Thomas B. Sullivan
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (212) 850-6139
Facsimile: (212) 223-1942
sullivant@ballardspahr.com

Elizabeth L. Schilken (*pro hac vice*)
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Tel: (424) 204-4371
Fax: (424) 204-4350
schilkene@ballardspahr.com

*Counsel for Defendants MSNBC Cable,
LLC, NBCUniversal Media, LLC, Comcast
Corporation, Versant Media, LLC, Jonathan
Capehart, Verizon Communications Inc.,
and Yahoo Inc.*

**WORD COUNT CERTIFICATION**

I, Thomas B. Sullivan, hereby certify that this Memorandum contains 3,498 words and is in compliance with Local Civil Rule 7.1. In preparing this certification, I relied on the word count of the word-processing system used to prepare this document.

Dated: April 24, 2026                    _/s/ Thomas B. Sullivan_
                                         Thomas B. Sullivan

13