THE PENKOVSKY LAW FIRM, P.C.

NICHOLAS
ALEXANDER PENKOVSKY
ADMITTED IN NEW YORK STATE

UNITED STATES DISTRICT COURTS:
SOUTHERN AND EASTERN
DISTRICTS OF NEW YORK

43 WEST 43RD STREET
SUITE 16
NEW YORK, NEW YORK 10036
TELEPHONE (646) 342-7069
FACSIMILE (347) 649-9272
E-MAIL: N.PENKOVSKY.LEGAL @GMAIL.COM

COPYRIGHT, TRADEMARK,
MEDIA AND ENTERTAINMENT LAW

BUSINESS, COMMERCIAL,
ADMINISTRATIVE AND LABOR LAW

GENERAL CIVIL LITIGATION AND
APPEALS IN ALL
NEW YORK STATE COURTS

May 1, 2026

By Electronic Case Filing
Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re: *Humm, et al. v. MSNBC Cable, LLC, et al.,* No. 25-cv-9697 (AS)

Dear Judge Subramian:

I represent plaintiffs Andy Humm and Ann Northrop individually, and d/b/a GAY USA. I write pursuant to Local Civil Rule 37.2 and Rule 5 of this Court's Individual Practices in Civil Cases on behalf of plaintiffs to request a Court Conference with respect to the request by the collective Ballard Spahr Defendants and defendant Apollo Global Management, Inc. ("Apollo") as set forth in the letter dated April 29, 2026 from Thomas B. Sullivan writing on behalf of all named defendants for a Stay of Discovery. On April 28, 2026, all counsel engaged in a meet and confer with respect to the collective defendants' request. The meet and confer resulted in a failure to compromise or agree that defendants' request is out of the ordinary procedure for a litigation while motions to dismiss are pending.

On behalf of plaintiffs I respectfully submit that defendants motion for a Stay of Discovery in this lawsuit is unwarranted and therefore must be denied.

Plaintiffs submit that several factual issues support their request that a Stay is unwarranted. On April 23, 2026, the United States Court of Appeals for the Second Circuit ("Second Circuit") reversed the decision of the District Court that had erroneously granted a Rule 12 motion to dismiss a copyright infringement claim where the defendants asserted the defense of Fair Use. In their opening briefs to dismiss this lawsuit, the Ballard defendants have asserted that this Court may make a finding of fair use to dismiss plaintiffs' copyright infringement claims. However, in *Richardson v. Townsquare Media, Inc.*, --- F.4th ----, 2026 WL 1097502 at *1 (2d Cir. 2026) the Second Circuit stated, "the district court incorrectly determined, at the pleading

Hon. Arun Subramanian, U.S.D.J.
May 1, 2026
Page 2
Re: *Humm, et al. v. MSNBC Cable, LLC, et al.,* No. 25-cv-9697 (AS)

stage, that Townsquare's use of the Jordan Video was fair."[1] Plaintiffs concede that the decision was based upon defendants using the entire video. Nonetheless, the amount and substantiality of the secondary use is not always determined by whether the entire work is used. *See Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 564-566 (1985) (Infringer's use was minimal but took the heart of the plaintiff's copyrighted work). In any event, discovery is necessary to substantiate the affirmative defense of fair use and plaintiffs question the reason that plaintiff Humm's interview was used in nearly its entirety, omitting Speaker Pelosi's proposed request to President Reagan on fighting AIDS.

Second, there are unnamed defendants. The identities of these potential infringers are solely and exclusively within the knowledge of defendants. A Stay of Discovery unfairly allows defendants to prevent plaintiffs from pursuing their lawsuit against all infringers and all those engaged in secondary infringement. A television news program is not created by a single individual or entity. Television programs are created by a team with a chain of command and a chain of approval. Defendants must not be allowed to stay discovery so as to and prevent plaintiffs from learning the identities of those persons. *See* Complaint Doc. 1 at pp. 41 - 45, ¶¶ 201 - 216; pp. 55 - 56, ¶¶ 261 - 216.

Third, a question arises as to the reason that after the MSNBC defendants' legal department receiving a cease and desist letter, the infringing uses continued on the internet by Yahoo and perhaps other infringers. The issue is what other platforms continued usage after the cease and desist letter was acknowledged and who approved those continuing infringing usages remains unknown to plaintiffs. *See* Complaint Doc. 1 at pp. 41 - 45, ¶¶ 201 - 216; pp. 55 - 56, ¶¶ 261 - 264. Of particular concern, as alleged in the Complaint is that, "[p]laintiffs' attorney was informed by the attorneys for the MSNBC Defendants that the YAHOO Defendants contacted the MSNBC Defendants' attorneys and requested that the MSNBC Defendants account for all usages and to pay to Plaintiffs a retroactive license fee. MSNBC's attorneys represented that MSNBC would account for all usages and negotiate a license fee on behalf of the YAHOO Defendants." Doc. 1 at pp. 55 - 56, ¶ 263. Despite my follow up, the response from MSNBC's legal department was ignored, there was a failure to negotiate or provide information to allow for a discussion. My reasonable conclusion is that the MSNBC defendants are responsible to indemnify the Yahoo defendants for Yahoo's infringements.

Fourth, the burden on defendants is minimal. At this stage plaintiffs would compromise and seek information only through the uses of the devices of Interrogatories, Document Requests,

---

[1] Another aspect of *Richardson* is that a ten year old video "received a new life" when new events made the video a legitimate current news story. *Richardson v. Townsquare Media, Inc.* at *2.

Hon. Arun Subramanian, U.S.D.J.
May 1, 2026
Page 3
Re: *Humm, et al. v. MSNBC Cable, LLC, et al.,* No. 25-cv-9697 (AS)

and Requests for Admission served upon each named defendant from each plaintiff. The only foreseeable burden is that one law firm represents six named defendants including Yahoo, a company that claimed the MSNBC defendants would account for all Yahoo usages and negotiate a license fee on behalf of Yahoo. *See* Doc. 1 at pp. 55 - 56, ¶ 263.

Finally, plaintiffs ask this Court to employ Civil Rules 1 and 26 to "secure a just, speedy, and inexpensive determination of this lawsuit. Plaintiffs submit that a stay of discovery would be costly and merely delay the ultimate resolution of this lawsuit.

"A motion to dismiss does not automatically stay discovery. *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Limited*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted). The movant for a protective order staying discovery must show good cause to stay discovery. *Id*. "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." *Republic of Turkey v. Christie's Inc.*, 316 F.Supp.3d 675, 678 (S.D.N.Y. 2018). (Citations omitted.) "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Limited*, 297 F.R.D. at 72.

Defendants have not shown that responding to discovery is a burden nor does it cause defendants any prejudice. By contrast, plaintiffs will be unfairly prejudiced because, other than plaintiffs having seen some of the infringements, plaintiffs are not aware of all the infringements, and plaintiffs are not aware of all likely defendants. All of the information plaintiffs require to fully assert their copyright infringement claims are within the exclusive knowledge of defendants. Moreover, plaintiffs have submitted that they will seek only limited discovery as set forth in point [F]ourth, above.

Plaintiffs respectfully submit that defendants' motion must be denied and that the Court should order that limited discovery proceed.

Respectfully submitted,

/s/ Nicholas A. Penkovsky

Nicholas A. Penkovsky

cc: All appearing counsel [By ECF]