# Ballard Spahr
LLP

---------------------

1675 Broadway, 19th Floor
New York, NY 10019-5820

TEL 212.223.0200

FAX 212.223.1942

www.ballardspahr.com

Thomas Sullivan
Tel: 212.850.6139
Fax: 212.223.1942
sullivant@ballardspahr.com


April 29, 2026


*By Electronic Filing*

Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:   *Humm v. MSNBC Cable, LLC et al.*, No. 25 Civ. 9697 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

We represent Defendants MSNBC Cable, LLC ("MSNBC"), NBCUniversal Media LLC ("NBCU"), Comcast Corporation ("Comcast"), Versant Media, LLC ("Versant"), Jonathan Capehart ("Capehart"), Verizon Communications Inc. ("Verizon"), and Yahoo Inc. ("Yahoo" and, collectively with MSNBC, NBCU, Comcast, Versant, Capehart, and Verizon, the "Ballard Spahr Defendants") in the above-captioned matter.  We write pursuant to Local Civil Rule 37.2 and Rule 5 of this Court's Individual Practices in Civil Cases on behalf of the Ballard Spahr Defendants and, with its counsel's permission, on behalf of co-Defendant Apollo Global Management, Inc. ("Apollo" and together with the Ballard Spahr Defendants, the "Defendants") to request an informal conference with the Court seeking a discovery stay while the Defendants' motions to dismiss are pending.

While the issuance of a discovery stay upon the filing of a motion to dismiss is not automatic, "[u]pon a showing of good cause, a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Valentini v. Grp. Health Inc.*, 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021). "Factors relevant to whether good cause has been shown include: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Druckman v. Morgenstern*, 2026 WL 791896, at *1 (S.D.N.Y. Mar. 20, 2026) (cleaned up); *accord, e.g., Am. Fed'n of Musicians and Emps.' Pension Fund v. Atl. Recording Corp.*, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016) (same).  Each of the factors favor a stay here.

A motion to dismiss is sufficient to support a stay where "it is potentially dispositive, and appears to be not unfounded in the law." *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (internal marks omitted); *see also Integrated Sys. & Power,*

Hon. Arun Subramanian
April 29, 2026
Page 2

*Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (finding defendant's pending motion to dismiss supported a stay where defendant "put forth in its motion multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law'"). Even if Defendants only meet this requirement with respect to some claims, but not all, that is enough for the factor to favor a stay. *See Druckman*, 2026 WL 791896, at *1-2; *HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020). As discussed in Defendants' briefing papers in support of their dismissal motions, there are substantial arguments for the dismissal of all of Plaintiffs' claims. Plaintiffs do not even attempt to respond to the majority of these arguments. *See, e.g.,* Dkt. 56 at 1, 4-8, 10.

From our meet and confer, we understand that Plaintiffs intend to argue that the Second Circuit's recent decision in *Richardson v. Townsquare Media, Inc.*, 2026 WL 1097502 (2d Cir. Apr. 23, 2026), undermines Defendants' arguments for dismissal of the copyright claims on fair use grounds. As the Ballard Spahr Defendants explained in their reply, that decision turns on the fact that the defendant had used the entire video at issue, which "rendered its use of the video a plausible market substitute for the video itself," *id.* at *9. *See* Dkt. 56 at 3 n.3. Defendants did not use the whole Interview here. *See id.* at 3. In addition, the *Richardson* court noted that where a plaintiff alleges market harm because of a lost licensing fee, as Plaintiffs allege here, *see* Dkt. 51 at 30, the Second Circuit has "limited [its] consideration of lost licensing revenue under the fourth fair-use factor to include only 'traditional, reasonable, or likely to be developed markets,'" and "where a secondary use is transformative, the use is unlikely to fall into a 'traditional' or 'likely to be developed' licensing market," *Richardson*, 2026 WL 1097502, at *8 n.6 (cleaned up). Here, this was a transformative use, and therefore not a market harm. *See* Dkt. 56 at 1-3. Finally, even if Plaintiffs were correct about the impact of *Richardson*, and they are not, Defendants do not rely on fair use grounds for the vast majority of the claims at issue here. Therefore, Defendants' motion to dismiss arguments favor a stay.

On the second factor, Plaintiffs have not yet propounded their discovery requests, but the Defendants anticipate that if discovery goes forward, it will be wide-ranging and burdensome. The Complaint asserts claims against an individual and seven different corporate defendants, each of whom will have its own custodians. Plaintiffs have not meaningfully opposed dismissal of all claims brought by two of the three Plaintiffs, as well as nine of their twelve claims, including all claims against Comcast, Versant, and Capehart. *See* Dkt. 56 at 1. This factor therefore favors Defendants "because the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case" and "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on" Defendants. *HAHA Glob.*, 2020 WL 832341, at *1 (cleaned up); *accord Druckman*, 2026 WL 791896, at *2 (finding second factor favored stay because the "motions to dismiss, even if they prune rather than eliminate the claims in the Complaint, have the capacity to meaningfully reduce the scope of discovery"). However, even if the Court disagrees and finds this factor favors Plaintiffs, that is not dispositive in light of the strength of the other two factors. *See Actian Corp. v. SS&C Techs., Inc.*, 2026 WL 507738, at *1 (S.D.N.Y. Feb. 24, 2026) (granting stay after finding that the "scope of the anticipated discovery counsels against a stay").

Hon. Arun Subramanian
April 29, 2026
Page 3

Finally, there will be no prejudice from a stay.  The allegedly infringing episode of *The Last Word* was taken down two years before this lawsuit was filed, *see* Compl. ¶ 144, and thus there is no risk of ongoing harm.  "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (cleaned up).  This is particularly true here as the dispositive motions have already been fully briefed, and "thus, any stay would last briefly."  *HAHA Glo.l*, 2020 WL 832341, at *1; *see also Integrated Sys.,* 2009 WL 2777076, at *1 (granting stay where stay "will likely delay the commencement of discovery for only a few months" and "will therefore not prejudice the Plaintiff to any degree"). We anticipate that Plaintiffs may raise concerns about the passage of time, "[b]ut the mere passage of time 'cannot itself constitute prejudice sufficient to defeat a motion to stay discovery.'" *Druckman*, 2026 WL 791896, at *2; *accord Actian Corp.*, 2026 WL 507738, at *2 ("That memories fade with the passage of time is true in all cases where a stay is granted and is not a compelling basis for denying a stay.").

Defendants shared authorities in support of a stay with Plaintiffs' counsel by e-mail on April 24, 2026.  The Parties then conferred regarding this dispute on April 28, 2026 from 4:32 to 4:39 pm by telephone.  Lead Trial Counsel for the parties, Nicholas Penkovsky, Thomas Sullivan, and Evan Cohen, as well as Kelsey Cleary, participated in the conference.  At the end of the conference, Defendants' counsel informed Plaintiffs' counsel that they believed the parties were at an impasse and that they would be requesting a conference with the Court.   Plaintiffs' counsel agreed the parties were at an impasse.

The parties are next scheduled to appear before the Court for the initial pretrial conference on May 14, 2026 at 4:00 pm, with a May 7, 2026 deadline for submission of the parties' joint letter and proposed case management plan.  Should the motion to stay be granted, the case management plan and initial pretrial conference may not be necessary, but we leave that for the Court to decide.

We thank the Court for its consideration of this request.

Respectfully submitted,

*Thomas B. Sullivan*

Thomas B. Sullivan

cc:      All counsel of record

Defendants have shown good cause warranting a stay of discovery until the Court resolves the pending motions to dismiss, so their motion is GRANTED and discovery is STAYED until that time.

The remote initial pretrial conference and the deadlines to submit a joint letter and proposed case management plan are ADJOURNED until further notice from the Court.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 58 and 59.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: May 6, 2026